IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Linda L. Converse, :
        Plaintiff : Civil Action 2:08-cv-461

  v. : Judge Holschuh

Michael J. Astrue, : Magistrate Judge Abel
Commissioner of Social Security,
        Defendant :

**ORDER**

This matter is before the Court on plaintiff Converse's April 14, 2009 objections to Magistrate Judge Abel's March 31, 2009 Report and Recommendation. The Court, having reviewed the record *de novo*, determines that there is substantial evidence supporting the administrative law judge's determination that plaintiff Converse is not disabled within the meaning of the Act. The Court further finds for the reasons set out below that plaintiff's objections to the Report and Recommendation are without merit.

The administrative law judge found that Converse has no exertional limitations. Plaintiff does not challenge this finding. The administrative law judge found that Converse's non-exertional limitation was that she have no more than superficial contact with supervisors, co-employees, and the general public. Based on that limitation, the administrative law judge found that Converse remains capable of performing her past work as a billing clerk and warehouse worker.

Plaintiff argues that the administrative law judge's findings are not supported by substantial evidence because treating and evaluating psychologists, as well as

psychologists who reviewed the record for the Commissioner, found greater psychological non-exertional limitations. Plaintiff points to evidence that Converse has at least a moderate impairment in her ability to complete a normal workday and workweek without interruption from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. (R. 175, 179, 232A and 234.) Finally, plaintiff argues that Dr. Marc Miller, who performed a disability evaluation for the Commissioner, and Doctors Bruce Goldsmith and Douglas Pawlarczyk, agency consultants who reviewed the record for the Commissioner, found that Converse was restricted in her ability to understand, remember, and carry out detailed instructions. (R. 174 and 179.)

While the evidence cited by plaintiff would clearly support a finding of disability, there is other evidence supporting the administrative law judge's decision. Converse was inconsistent in seeking psychological treatment. Although she sought sporadic treatment for panic attacks in 2001, she told Dr. Miller in August 2004 that she had not sought any psychological treatment since then. (R. 177.) She did begin treatment in October 2005 at Mid-Ohio Psychological Services and continued that treatment, with sporadic breaks, through 2007. (R. 122, 126, 131, 224, 226 and 227.) Although Converse maintained that she could not work, she told her therapist that she did not feel that her anxiety and depression were serious, disabling conditions. (R. 147.) When her doctor increased her Lexapro dosage in mid-2006, she reported that she had not been having panic attacks and that she was sleeping better. (R. 142.) By August

2

2006, Converse reported that she was less depressed and that her anxiety was successfully managed by medication. (R. 140.) She had few panic attacks, and when she did have one it was of short duration. (R. 137-38.) By October 2006, Converse reported that her anxiety had reduced dramatically, and she was participating in more activities. (R. 134.) In December 2006, she was "very cheerful" and believed her medications were helping her quite a bit. (R. 134.) June 2007 treatment notes indicate Converse was compliant with her medication, her depression was resolved, and her anxiety greatly decreased. She did report one panic attack. (R. 219.)

The administrative law judge, not the Court, is the finder of fact. *Siterlet v. Secretary of Health & Human Services*, 823 F.2d 918, 920 (6th Cir. 1987). It is not the Court's role to sift through the facts and make a *de novo* determination of whether a claimant is disabled. So long as the Commissioner's decision is supported by substantial evidence, it must be affirmed. 42 U.S.C. §405(g). *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In a close case, where there is substantial evidence supporting the administrative law judge's resolution of the disputed facts, the Court must affirm even if it would likely have resolved the disputed facts in plaintiff's favor had it been a trier of fact. *Nunn v. Bowen*, 828 F.2d 1140, 1144 (6th Cir. 1987); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983). There is a large zone of choice where the Commissioner's decision to deny benefits is supported by substantial evidence, and, had the Commissioner granted benefits, that decision also would have been supported by substantial evidence. *Mullen v. Secretary of Health & Human Services*, 800 F.2d 535, 548 (6th Cir. 1986)(*en banc*). In close

cases, the Commissioner's decision must be affirmed so long as there is substantial evidence supporting the Commissioner's fact determinations "because there is a 'zone of choice' within which the Commissioner can act, without fear of court interference." *Mullen*, 800 F.2d at 545(citing *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984))." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001).

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation. Plaintiff's motion for summary judgment is **DENIED.** Defendant's motion for summary judgment is **GRANTED.** The decision of the Commissioner is **AFFIRMED.** The Clerk of Court is **DIRECTED** to enter **JUDGMENT** for defendant. This action is hereby **DISMISSED.**

Date: July 29, 2009     **/s/ John D. Holschuh**
John D. Holschuh
United States District Judge